Right, thank you. May it please the court. My name is Matt Moser and I represent Daniel Farrell. I'd like to reserve one minute of my time for rebuttal. Okay, we'll try to help you but watch the clock please. Thank you. The federal request the circuit court reverse the district court's granting of employees Boeing Credit Union in Moore, Brewer, and Wolf's summary judgment motion. I refer to them jointly as Boeing. Following a remand by the circuit in January 2019, the district court considered the application of the Hatch Act and its waiver of sovereign immunity to permit the garnishment of a federal employee's wages regarding commercial debts in connection with the enforcement of a state court judgment. Notably, the question presented by this appeal is clearly a legal one since the parties stipulated all facts asserted in connection with their cross motions. The district court found in ruling upon these motions that domestication was not required prior to enforcement of an entire state judgment. Federal challenges is finding here an appeal for three reasons. First, as a matter of statutory construction. Second, by reference to the Child Support Enforcement Act. And third, by review of statements from the Office of Personnel Management, OPM. The Hatch Act states that pay from an agency to an employee is subject to legal process in the same manner to the same extent as if the agency were a private person. In terms of statutory construction, the district court first found that the plain language of the Hatch Act simply requires that a state court must issue the writ that allows for the wages to be garnished. The issue with that statement is that it omits a key requirement from the Hatch Act, which is that a competent state court must issue the writ of a garnishment. Mr. Walker, let me give you, let me tell you what's troubling me about your case and see if you can help me with it. Take it out, let's, and we all agree that we deal with this as if, because as if the federal government weren't involved in the sense that we're not dealing with sovereign immunity anymore. So assume that somebody works for Google. And Google is in here, it's called the wage execution order is obtained because of a prior judgment. So Google is served with it. And the person's wages are garnished. The person then moves to another state. But Google remains in California, Google remains his employer. Under California law, wouldn't that garnishment remain valid? The garnishment, so the consumer moves out of California to a different state, the judgment, Google still is employer and still paying him. And so does the, so isn't Google still subject to the garnishment order at that point? They're still subject to the garnishment order. But prior to enforcement of the garnishment order, it would need to be domesticated in whatever state. So where in California law, do you, where in California law, do you find that requirement? That's my problem. It seems to me under California law, the employer, having validly been served with a garnishment order, and never the defendant in the case, they're still in California. If it has, if it owes money to the creditor, or to the debtor must continue to pay under that order, even if the debtor, in effect, flees the jurisdiction or goes someplace else. So I'm trying to find in California law, in this analogous situation, something that would say the garnishment order is no longer good. And I think the distinction between what we're arguing here is that Farrell didn't sue the employer, Google is obligated to enforce the garnishment and garnish the consumer's wages, regardless of whether the underlying judgment or the the writ is valid. Well, there's no there's no contention in this case, that the underlying judgment isn't valid. And there's no contention in this case that the wage order isn't valid. So, so it seems to me, unless I'm missing something, my analogy is exactly the same. Somebody here, somebody who owed money to who owed money to the to the debtor was garnished to pay and that that that defendant remained subject to the jurisdiction of the court throughout. Where the analogy is different, though, is that we did not sue the Department of Defense, who is who would be Google in your scenario. We sued Boeing, the judgment creditor, because Boeing failed to domesticate the judgment, the garnishment orders rather in Texas or Indiana. So that's that's the only difference between our analogy. And that difference is exactly what we understand. This arises in a different procedural context. But what your suit contends, is that the garnishment orders could should no longer be obeyed because they because your client moved to another state. And so I'm still stuck with the underlying question of why were the underlying garnishment orders are no longer any good. And it's still slightly different. And your your analogy is more similar to the United States Supreme Court case of Morton, where in that case, when the employer, which was the federal government, that scenario was sued for not honoring the judgment properly. They didn't have liability, because they're treated as a private employer, just like Google. And again, our case is not against the Department of Defense, who is the lawyer? No, but but you are what you're arguing is that the the garnishment order against the Department of Defense shouldn't be should no longer be followed by the department, because your client moved to another state, and that Boeing should no longer be able to collect money under that order. And so I'm still happy. Why? Why is that since the Department of Defense remains subject to that order? Department of Defense does have to garnish the wages. That's that's not what our claim is based upon. Our claim is against Boeing, because they didn't domesticate judgment prior to enforcement. So what I don't understand here, and this kind of follows up on what I mentioned, if you have a judgment, for example, that originates in California is being enforced in California, as an example, why should it make any difference that it's not domesticated in any other state as long as it's a valid garnishment in California example, why under Miller case, isn't that perfectly adequate, doesn't really matter where your client moves to move in any state, as long as the garnishment is still valid in the example, in California, why does a domestication elsewhere? Why is it required? I can see what somebody may want that to get enforcement. But we have a person or an entity like Boeing, which is in all these jurisdictions, you don't need to do that you can enforce it in this example in California. Why is that wrong? And it can be enforced in California judgment can be enforced in California to garnish ferals assets in California, and wages in California, pursuant to California Code of Civil Procedure 760. The laws of Texas and Indiana, whereas wages were ultimately garnished have different domestication. So the judgments of each state have no force and effect outside of the states and the laws of Indiana, Texas in particular, require domestication prior to enforcement of the California judgment. And where we see the distinction there would be between our statute, the Hatch Act, which doesn't have the full faith and credit clause that's envisioned within the Child Support Enforcement Act. And our position is that that was left out and without the full faith and credit clause, then there is no legal authority to enforce the judgment ferals assets outside the state of California. What's your best case for that? With regard to the Child Support Enforcement Act? Yeah, say the best case. I think it's Morton and it's actually a case that cited by Boeing. So in Morton, it goes back to the employer. In that case, the force wasn't liable for enforcing it. But the problem is, we hear it's an issue of first impression. So we don't know exactly the portion of our Hatch Act that's at issue. Of course, Virginia Bank versus Randolph also supports us in that regard. But I'm coming up on it at the end of my time. And you want to save some of your time? Yes. Very well, why don't we do that? Let's now hear from Boeing employee Mr. Schneider. Thank you, Your Honor. I'd like to follow up with the scenario that Judge Hurwitz set forth. Suppose that instead of his actual employer, Mr. Ferrell worked for Google, which is in California. Had he moved to Texas, the judgment creditor still could have enforced the judgment by garnishing wages from Google in California. But on the other hand... Back to this question, Mr. Schneider. In that illustration, in that example, if the, well, in this case, Mr. Ferrell had moved to Texas, would the garnishment that occurred in California be done in accordance with California law or Texas law? Well, if he still worked for Google, and that's where the employer was, it would be California law. On the other hand... So it doesn't matter where he moves, as long as he's still working for Google in this example, and their jurisdiction in California, he can, the garnishment can take place there under California procedural and debt collection law. Yes. Now, on the other hand, had he gone to work for the Texas Rangers baseball team, the judgment would have to be domesticated in Texas, because Texas does not have jurisdiction to enforce the California writ. So he would have to get a Texas judgment. Now, I am... I take it the difference with the Child Enforcement Act, is that under that act, Texas could enforce the California writ, or you could enforce the California writ in Texas without domesticating? Yes. Or if you went to work for the Rangers? Yes. So... Go ahead. So the whole purpose of this statute is to allow creditors to go to a single source to effect garnishment of wages. That's what the statute does. And the court noted earlier that there's not a challenge to the legitimacy of the judgment. The statute sets forth the circumstances where it couldn't be enforced, and none of those Mr. Farrell was still in California, that the garnishment could be enforced. Correct. There was a period of time when he was still there. So there was no... I'm just trying to go back in the record here. There's also no attack in this case on the validity of the... I call it a garnishment order. I guess you call it an earnings withholding order in California. There's no attack on that either, is there? That's correct. Those are just factual questions. I'm sorry. Mr. Schneider, I asked your opponent whether he had any cases that in any way supported his position about a requirement to domesticate the judgment under the facts of this case. Are you aware of any cases that you think you need to distinguish in order to reach the result that you believe is correct? I have not. In the original decision from the Ninth Circuit, it was noted it's a case of first impression, and indeed it is. Okay. Go ahead with your presentation unless you are all done. I don't really have anything to add that's not in our brief. Okay, so let me ask my colleague, do either of you have any additional questions for Mr. Schneider? I don't. Carrying on then, thank you, Mr. Schneider, for your presentation. We'll go back to Mr. Locher. Mr. Locher, can you hear me? Yes. Yeah, so again, if I understand your theory, each time your client moved, whether it's to all 50 or 50, it's a different jurisdiction. That's correct. And at page 11 of our opening brief, we focus on Indiana and Texas law. So in Indiana, a party holding a judgment from a state other than Indiana must file an action in an Indiana court to convert the foreign judgment to a judgment enforceable in the state of Indiana. Later down on page 11, we have in Texas, the foreign judgment is properly filed under the UEFJA. The filing has the effect of initiating an enforcement proceeding, instantly rendering a final judgment in Texas. Up until the judgment is domestic, the out-of-state judgment is indicated within those states, here, Indiana and Texas, it has no force and effect. As a result, enforcing the judgment to garnish federal wages in those is what the basis of our claims are. I'm out of my time, unless there are any questions. Any other questions by my colleague? I think not. Well, thanks to both you gentlemen for your argument. The case just argued, Feral v. Boeing Employees Credit Union is submitted.
judges: M. Smith, Hurwitz, Burgess